United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARREN JAY DENNISON,

    Plaintiff,

    v.

Lieutenant LANE, Sergeant STEVE BURESS, and Officers TOM LEIPELT, SCHNIEDER, C. MUNOZ, and MIKE HORN, of the Santa Clara Police Department ; Officers ROGERS, VALENCIA, and HERNANDEZ, and Sergeant HERNANDEZ, of the Santa Clara Sheriff's Department; Lieutenant M. CONNER, of the Santa Clara Department of Corrections; CITY OF SANTA CLARA POLICE DEPARTMENT; SANTA CLARA DEPARTMENT OF CORRECTIONS; and EDWARD C. FLORES, Chief, Santa Clara Department of Corrections,

    Defendants.
                                 /

No. C 07-0778 PJH (PR)

**ORDER DISMISSING COMPLAINT LEAVE TO AMEND AND OTHER RULINGS**

    This is a civil rights case filed pro se by a former inmate of the Santa Clara County Jail. He also requests leave to proceed in forma pauperis ("IFP").

**DISCUSSION**

**I.    Motion for Leave to Amend**

    Plaintiff has filed a motion to amend. As no responsive pleading has been filed or is due, the amendment is an amendment as of right. *See* Fed. R.Civ.P. 15(a). The motion for leave will be denied as unnecessary.

    In the amended complaint plaintiff has omitted as defendants Rogers, Valencia, Officer Hernandez, Sergeant Hernandez, and Conner. They will be dismissed from the

case. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992) (defendants not named in an amended complaint are no longer defendants). He has added as defendants the Santa Clara Police Department and Edward C. Flores, who is identified as chief of the Santa Clara Department of Corrections. It is the amended complaint which is reviewed below.

## II.     Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III.    Legal Claims

### A.    Claim One

California grants arrestees (persons detained in custody post-arrest, but pre-arraignment) the right to place three telephone calls. *See* Cal Penal Code § 851.5. This state-created right is one of "real substance" entitled to constitutional due process protections. *Carlo v. City of Chino*, 105 F.3d 493, 500 (9th Cir. 1997). An arrestee therefore must receive notice of the right to telephone calls and may be denied a requested immediate telephone call only in the case of physical impossibility. *Id.* at 497. Plaintiff alleges that defendants Schneider, C. Munoz, Horn, Lane and Buress did not allow him to make a telephone call from jail after his arrest. This claim is sufficient to proceed as to the individual defendants.

Plaintiff also names the Santa Clara Police Department as a defendant on this claim. He contends that the department "failed to enforce training as to [the individual officers]." It may be that the Santa Clara Police Department is a suable entity, *see Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604-05 & n.1 (9th Cir. 1986) (police department of a city and the sheriffs department of a county are public entities under California law and therefore may be sued in federal court), but as with claims against municipalities, plaintiff must allege that the violation of his rights was pursuant to a custom or policy of the department, or allege facts from which such a custom or policy can be inferred, *id.* at 610-11. Plaintiff has not done that here, so this claim will be dismissed with leave to amend as to the Santa Clara Police Department.

**B.     Claim Two**

Plaintiff contends that defendant Santa Clara Police Department violated his rights by not having security cameras in the city jail. It may be that a practice or policy not to have such cameras can be inferred from the allegation, a point the court does not conclusively resolve here, but plaintiff does not allege that the lack of such cameras caused him any injury or otherwise explain how not having them violated his rights. This claim will be dismissed with leave to amend.

**C.     Claim Three**

Plaintiff contends that defendants Buress, Horn and C. Munoz assaulted him in the jail without cause and while he was in restraints, among other injuries breaking his right foot. This claim is sufficient to proceed.

**D.     Claim Four**

Plaintiff contends that despite his entreaties, defendants Buress, Horn, Munox and Leipelt refused to take him to a hospital for care of his severe injuries incurred in the beating. This is sufficient to require a response.

Plaintiff also contends on this claim that defendant Santa Clara Police Department failed to enforce its procedures and policies regarding medical treatment. A state or local government's failure to enforce its own procedures or regulations is not grounds for a

3

federal claim. Only violations of federal law, not an agency's own procedures and policies, give rise to a cognizable section 1983 claim. *See Paul v. Davis*, 424 U.S. 693, 697 (1976) (to state section 1983 claim plaintiff must show specific constitutional or federal guarantee safeguarding the interests that have been invaded). And because plaintiff has alleged that the officers were acting contrary to the department's policies and procedures, rather than pursuant to them as he would have to allege to state a claim against the department, amendment as to this claim would be futile. This claim as to the department will be dismissed without leave to amend.

### E.     Claim Five

Plaintiff contends that the "Santa Clara County Department of Corrections Main Jail Correctional Officer(s) and Medical Staff on Duty" violated his constitutional rights by accepting him from the police department even though he was injured and had not been "cleared" by a hospital or physician, something he contends is a violation of "procedure." As discussed above, violation of an agency procedure is not grounds for a section 1983 claim, and there is no constitutional right not to be booked into a jail without being "cleared" by a doctor or hospital. This claim will be dismissed without leave to amend.

Plaintiff also contends that "Medical Staff" failed to treat him for his extensive injuries. The "Medical Staff" is not a suable entity, plaintiff does not say who failed to treat him, and he does not allege that the failure to treat him was pursuant to a policy or procedure of the Santa Clara Department of Corrections so as to state a claim against that agency. This claim will be dismissed with leave to amend.

Plaintiff also contends that Edward C. Flores, Chief of the Santa Clara Department of Corrections, is a defendant on this claim. This appears to be a respondeat superior claim, that is, a contention that Flores is liable simply because he is the superior of the persons who may have actually violated plaintiff's rights. Such claims are not permissible under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory). A supervisor therefore generally "is only

4

liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. For these reasons, the claim against Flores will be dismissed with leave to amend.

### F.     Claim Six

Plaintiff complains that prisoners can use the law library only if they are pro se or pro per and either have a court order "stating" that status or "send [the] complaint [the prisoner] is currently working on to classification management so that department may determine [the prisoner's] eligibility to access the facility law library."

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996. To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *Id.* at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *Id.* at 354-55. Although the prison officials must ensure that prisoners "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement," the officials are free to devise their own methods to reach that result. *Lewis*, 518 U.S. at 356.

Just an offer of court-appointed counsel satisfies the government's obligation to provide meaningful access to the courts to a criminal defendant. *United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982). Thus plaintiff's claim that use of the law library is limited to prisoners who do not have a lawyer is not cognizable, because prisoners who have a lawyer have adequate access to the courts.

It is possible, however, that the requirement that a prisoner who cannot show a court determination that he is pro se must send the complaint he is working on to "classification management" so "that department may determine [the prisoner's] eligibility to access the facility law library" might be a violation of plaintiff's right of access to the courts if (1) plaintiff

himself was forced to do so; (2) as a result he was denied use of the law library; and (3) he suffered an "actual injury" as defined above. He alleges none of these things, so the claim must be dismissed with leave to amend.

In addition, this claim appears to be against "Santa Clara Department of Corrections Facilitie(s)." There is no obvious sense in which the various facilities as a group could constitute a suable entity. As noted above, it is possible that the Santa Clara Department of Corrections is a "public entity" and can be sued, and the County of Santa Clara certainly is, but these are not the named defendants. Plaintiff must remedy this deficiency if he chooses to amend.

## III.  Motion

In his motion for pro se status (called a "Motion to Intervene" on the docket) plaintiff asks the court to "list [him] as a Pro Se litigant." He does not explain what he means by this; he is shown on this court's docket as being pro se, if that is what he means. This motion will be denied because plaintiff does not explain what relief is wanted.

In a separate motion filed with the motion addressed above plaintiff asks the court to view his filings "with a very generous and liberal eye." The amended complaint has been liberally construed, as required by *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The motion will be denied as moot.

## CONCLUSION

1.  In view of his release from jail, plaintiff is no longer a "prisoner" as defined in 28 U.S.C. § 1915(h). Furthermore, it would be futile to order the jail to withhold fees from income to his prisoner account, as required by 28 U.S.C. § 1915(b)(2), when he is no longer there. Instead, within thirty days of the date of this order plaintiff shall file an updated affidavit in support of his application for leave to proceed in forma pauperis. The court will then consider whether leave to proceed IFP should be granted and whether a partial filing fee will be imposed. The clerk shall send plaintiff the court's form for applications to proceed IFP by a nonprisoner.

///

2. Plaintiff's motions for pro se status and for the court to construe the complaint liberally (both part of document five on the docket) are **DENIED**. His motion for leave to amend (document eight) is **DENIED** as unnecessary. The amendment is an amendment as of right. His "motion" (document number 10) is **DENIED** because it is not a motion, but rather a notification that despite his release to a rehabilitation program, plaintiff's situation has not changed with regard to access to legal materials. Plaintiff should not label filings as motions if they are not requests for a court order.

3. As a consequence of their omission from the amended complaint, defendants Rogers, Valencia, Officer Hernandez, Sergeant Hernandez, and Conner are **DISMISSED**.

4. Plaintiff's claim one may proceed as to the individual defendants. It is **DISMISSED WITH LEAVE TO AMEND** as to the Santa Clara Police Department.

5. Claim two is **DISMISSED WITH LEAVE TO AMEND**.

6. Claim three is sufficient to proceed.

7. In claim four, plaintiff's claims against the individual defendants are sufficient to proceed. His claim against the Santa Clara Police Department is **DISMISSED WITHOUT LEAVE TO AMEND**.

8. In claim five, plaintiff's contention that his rights were violated by his being checked into the main jail without being medically cleared is **DISMISSED WITHOUT LEAVE TO AMEND**. His claim that he was not given adequate medical care and his claim against defendant Flores are **DISMISSED WITH LEAVE TO AMEND**.

9. Plaintiff's claim six is **DISMISSED WITH LEAVE TO AMEND**.

10. If plaintiff desires to amend he shall do so within thirty days of the date this order is entered. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. An amended complaint completely replaces the original complaint, so plaintiff must include in it all the claims he wishes to present, including those which are identified here as sufficient to proceed. *See Ferdik*, 963 F.2d at 1262. He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the final

1  dismissal of the claims which are dismissed with leave to amend in this order.

2      11.    Service of the claims which are identified above as sufficient to proceed will
3  be withheld to allow all claims to proceed together.

4      12.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
5  court informed of any change of address by filing a separate paper with the clerk headed
6  "Notice of Change of Address."  He also must comply with the court's orders in a timely
7  fashion.

**IT IS SO ORDERED.**

Dated: July 30, 2007

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\DENNISON778.DWLTA.wpd

8