United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN JAY DENNISON,<br><br>    Plaintiff,<br><br>    v.<br><br>Lieutenant LANE, Sergeant STEVE BURESS, and Officers TOM LEIPELT, SCHNIEDER, C. MUNOZ, and MIKE HORN, of the Santa Clara Police Department ; Officers ROGERS, VALENCIA, and HERNANDEZ, and Sergeant HERNANDEZ, of the Santa Clara Sheriff's Department; Lieutenant M. CONNER, of the Santa Clara Department of Corrections; CITY OF SANTA CLARA POLICE DEPARTMENT; SANTA CLARA DEPARTMENT OF CORRECTIONS; and EDWARD C. FLORES, Chief, Santa Clara Department of Corrections,<br><br>    Defendants._____/ | No. C 07-0778 PJH (PR)<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND SETTING DEADLINES** |

This is a civil rights case filed pro se by a former inmate of the Santa Clara County Jail. Defendants Lane, Buress, Leipelt, Schneider, and Munoz have moved for summary judgment. Plaintiff has opposed the motion. He also moves for appointment of counsel and for a continuance or denial of the summary judgment motion to allow further discovery. *See* Fed. R.Civ.P. 56(f). Plaintiff's motion for counsel will be denied and his Rule 56(f) motion will be granted.

**BACKGROUND**

Plaintiff's claims that remain in the case are as follows: (1) that defendants Schneider, C. Munoz, Horn, Lane and Buress violated his due process rights by not

allowing him to make a telephone call from jail after his arrest; (2) that defendants Buress, Horn and C. Munoz assaulted him in the jail without cause and while he was in restraints, among other injuries breaking his right foot; (3) that defendants Buress, Horn, Munoz and Leipelt refused to take him to a hospital for care of his severe injuries incurred in the beating; (4)  that Buress, Horn, and Munoz used excessive force by beating him, then placing him in restraints and transporting him in a police car; and (5) that when he arrived at the county jail he could barely walk and could not raise his right arm above chest level, but nevertheless the "intake nurses" failed to give him treatment, and defendant Leipelt did nothing when plaintiff complained to him.  The court ordered service on the defendants named in these claims, Lieutenant Lane, Sergeant Steve Buress, and Officers Tom Leipelt, Schnieder, C. Munoz, and Mike Horn.  Horn has not been served.  The other defendants have joined in the motion for summary judgment.

In its order of service the court dismissed claim one as to the Santa Clara Police Department, but had already concluded in the earlier order, the dismissal with leave to amend, that claim one was sufficient to proceed against the individual defendants. Unfortunately, the conclusion section of the order of service contradicted the body of the order and dismissed claim one with prejudice, without specifying that the dismissal was only as to the Santa Clara Police Department.  That error will be remedied below, and if defendants renew their motion for summary judgment, they should address issue one.

## DISCUSSION

### I.    Motion for Appointment of Counsel

Plaintiff has moved for appointment of counsel.  There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

///

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff appears able to present his claims adequately, and the issues are not complex. The motion for appointment of counsel will be denied.

## II.  Plaintiff's Motion Regarding Summary Judgment

Plaintiff has filed a motion that he says is based on Rule 62 and Rule 56(f) of the Federal Rules of Civil Procedure. Rule 62 applies only when a judgment has already been entered in a case, which is not true here. Rule 56(f), however, might be applicable.

In his motion plaintiff says that he wants a "stay" of any ruling on the motion for summary judgment so he can correct any defects in his exhibits in support of his opposition to the motion, and so he can use discovery to obtain materials necessary to oppose the motion.

Federal Rule of Civil Procedure 56(f) provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny the motion for summary judgment or continue the hearing to allow for such discovery. Fed. R. Civ. P. 56(f); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).

In opposition to the motion, movants contend that discovery is not permitted because no discovery cutoff date has been set. Although a discovery deadline would establish when discovery no longer could be conducted, its absence obviously does not bar discovery.

Plaintiff describes the material he seeks to obtain through discovery as being medical records, a video tape of his being transferred from the police department to a patrol car for transportation to the county jail, and the personnel files of the defendant officers to see if they have had other complaints of excessive force lodged against them. Because his

3

case involves a contention that he was not given proper medical care for his beating injuries and a claim that he was abused in the course of being transported from the police department sally port to a police car (the incident he contends may have been captured on the sally port video camera), this information, if it confirms his version of events, would assist plaintiff in opposing summary judgment. The motion will be granted and the motion for summary judgment will be denied with leave to renew it by reference, if defendants' wish to do so, after completion of discovery. Movants should note, however, that if they renew it by reference and without supplemental papers, the motion will not address issue one.

## CONCLUSION

1. Plaintiff's motion for appointment of counsel (document number 45 on the docket) is **DENIED**.

2. Plaintiff's motion brought pursuant to Rule 56(f) (document 49) is **GRANTED**. The motion for summary judgment (document 36) is **DENIED** without prejudice to renewing it, by reference if movants desire, after the discovery deadline.

3. Discovery shall be completed by November 2, 2009. The deadline for dispositive motions, included a renewed motion for summary judgement, is November 16, 2009. Any opposition to a dispositive motion is due thirty days after service of the motion, and any reply is due fourteen days after service of the opposition.

4. The order of service is amended nunc pro tunc so the first sentence of paragraph two of the conclusion section reads: "Claims two and seven, and claim one as to the Santa Clara Police Department, are **DISMISSED** with prejudice."

**IT IS SO ORDERED.**

Dated: September 11, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\DENNISON778.MSJ.wpd

4